# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ERIC W. POIRIER**
        Petitioner,

    v.                                      Case No. 10-C-0637

**MICHAEL S. THURMER, Warden,**
**Waupun Correctional Institution**
        Respondent.

## ORDER

On July 27, 2010, Eric W. Poirier filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. On April 22, 2004, petitioner was convicted in Chippewa County Circuit Court of six offenses: attempted first degree intentional homicide, felon in possession of a firearm, taking and driving a vehicle without the owner's consent, burglary, aggravated battery, and first degree reckless injury. He was sentenced to sixty years' imprisonment and is currently incarcerated at Waupun Correctional Institution. Upon review of the petition, I find that I lack subject matter jurisdiction over this action because it involves a second or successive habeas petition.

Petitioner filed a prior habeas petition involving his April 22, 2004 conviction in this court on October 14, 2005. See Poirier v. Kingston, No. 05-C-1096 (E.D. Wis.). That petition was ultimately dismissed with prejudice (i.e., on the merits) for procedural default. Petitioner filed a second habeas petition involving his April 22, 2004 conviction in this court on October 7, 2008. See Poirier v. Thurmer, No. 08-C-845 (E.D. Wis.). That petition was dismissed for lack of subject matter jurisdiction because it was a second or successive

petition and petitioner did not first obtain permission from the court of appeals to file it. The present petition is thus petitioner's third habeas petition involving the same conviction.

In the present petition, Poirier attempts to raise claims that he did not raise in his prior petitions.[1] Nonetheless, claims presented in a second or successive habeas petition that were <u>not</u> presented in a prior habeas petition cannot be addressed by the district court unless the petitioner first obtains authorization from the court of appeals. 28 U.S.C. § 2244(b)(2) & (3)(A). Because Poirier has not obtained authorization from the court of appeals, I lack subject matter jurisdiction over this case. <u>See, e.g.</u>, <u>Lambert v. Davis</u>, 449 F.3d 774, 777 (7th Cir. 2006) (district court must dismiss a second or successive petition for lack of subject matter jurisdiction unless the court of appeals has given approval for the filing).

**THEREFORE, IT IS ORDERED** that this action be **DISMISSED** for lack of subject matter jurisdiction. The clerk of court shall enter final judgment.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis and his motion for production of documents without costs are **DENIED** as **MOOT**.

Dated at Milwaukee, Wisconsin, this 5 day of August, 2010.

/s_____
LYNN ADELMAN
District Judge

---

[1] Petitioner's present claims involve the part of the judgment of conviction ordering that he pay $70 in court costs for each felony conviction and $50 in court costs for each misdemeanor conviction. Petitioner argues that imposing court costs for each of the six convictions violates the double jeopardy clause.

2